IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RODERICK GREGORY, | ) | |
| | ) | CIVIL ACTION NO. 3:23-cv-137 |
| Plaintiff, | ) | |
| | ) | JUDGE KIM R. GIBSON |
| v. | ) | |
| | ) | |
| Hearing Examiner FREDDY NUNEZ, | ) | |
| C.O. MYERS, C.O. PATRICK, C.O. | ) | |
| YEAGER, SCOTT KLINEFELTER, | ) | |
| ZACHARY J. MOSLAK, and RICHARD | ) | |
| A. MOONEY, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM ORDER**

This matter is before Magistrate Judge Maureen P. Kelly ("Judge Kelly") for pretrial proceedings in accordance with the Magistrates Act, 28 U.S.C. § 636, and Local Civil Rule 72.

On August 9, 2023, the Court received pro se Plaintiff Roderick Gregory's ("Mr. Gregory") Complaint.[1] (ECF No. 8). In his initial Complaint, Mr. Gregory alleged violations of his Fourteenth Amendment rights pursuant to 42 U.S.C. § 1983, naming several employees of the institution at which he is currently incarcerated as defendants. (*Id.*). Specifically, Mr. Gregory alleged that, while incarcerated, he was issued two misconduct reports accusing him of being in possession of contraband, he was deprived of the opportunity to effectively present his case at the resulting misconduct hearings, and he was ultimately adjudicated guilty of that misconduct in April 2023. (*Id.* at 5–6). Mr. Gregory did not indicate in his Complaint the punishment he received as a result

---

[1] The Court notes that Mr. Gregory attempted to file a Complaint on June 23, 2023, but did not include a filing fee or motion for leave to proceed *in forma pauperis*. (ECF No. 1). After the Court entered a deficiency order, (ECF No. 2), Mr. Gregory was granted leave to proceed *in forma pauperis* and subsequently filed his August 9, 2023, Complaint. (ECF No. 8).

of being found guilty of that misconduct, but he did allege that a prior-issued grant of parole was rescinded. (*Id.* at 5, 8).

On August 10, 2023, Judge Kelly issued a Report and Recommendation in which she recommended that Mr. Gregory's Complaint be dismissed with prejudice in part, and without prejudice in part, pursuant to 28 U.S.C. § 1915(e)(2)(B). (ECF No. 9). Judge Kelly first concluded that because Mr. Gregory's "due process claim related to his disciplinary proceedings is not based on a protected liberty interest, he fails to state a claim for the violation of his Fourteenth Amendment due process rights." (*Id.* at 5). Judge Kelly also explained that Mr. Gregory's failure to plead the personal involvement of three Defendants provided an additional basis for their dismissal. (*Id.* at 7). Finally, Judge Kelly granted Mr. Gregory the opportunity to file an Amended Complaint with respect to his claims. (*Id.* at 5, 7).

Accordingly, Mr. Gregory filed an Amended Complaint on August 24, 2023. (ECF No. 10). As Judge Kelly noted, Mr. Gregory's Amended Complaint still alleged a violation of his Fourteenth Amendment rights, and it largely tracked the factual allegations of his original Complaint, save a few additional allegations. For example, Mr. Gregory alleged that Defendant Nunez, after dismissing the misconduct allegation against Mr. Gregory, stated that he was "going to let them re-write it, because I know for a fact you had drugs!!" (*Id.* at 5). Mr. Gregory also noted in his Amended Complaint that he spent approximately two weeks in the Restricted Housing Unit ("RHU") while "under investigation for this misconduct incident." (*Id.* at 7).[2]

---

[2] Judge Kelly also notes that Mr. Gregory "no longer alleges that he was adjudicated guilty of any misconduct in the Amended Complaint." (ECF No. 13 at 3). The Court notes that Mr. Gregory's Amended Complaint appears to contradict itself on this point. Mr. Gregory is clear that at the April 21, 2023, disciplinary hearing, Defendant Nunez dismissed the misconduct allegation without prejudice. (ECF No. 10 at 5). As to the second hearing, Mr. Gregory claims that Defendant Nunez stated, "I have to dismiss this

On September 29, 2023, Judge Kelly issued another Report and Recommendation, this time addressing Mr. Gregory's Amended Complaint. (ECF No. 13). Again, Judge Kelly recommended that Mr. Gregory's Amended Complaint be dismissed for failure to state a claim. (*Id.*). Judge Kelly noted that "despite being ordered to do so, [Mr. Gregory] does not indicate that he suffered any disciplinary sanction other tha[n] two weeks of custody in the RHU while the misconduct was being investigated." (*Id.* at 4). Judge Kelly further explained that Mr. Gregory's two-week confinement in the RHU "does not rise to the level of atypical and significant hardship necessary for a liberty interest to attach." (*Id.* at 4–5) (citing *Smith v. Mensinger*, 293 F.3d 641, 654 (3d Cir. 2002)).

Additionally, Judge Kelly noted that while Mr. Gregory "makes conclusory assertions of knowledge and acquiescence," his claims that particular Defendants reviewed documents related to Mr. Gregory's misconduct hearing were "insufficient to state a claim" under 42 U.S.C. § 1983. (*Id.* at 6) (citing, *inter alia*, *Watson v. Rozum*, No. 12-35J, 2012 WL 5989202, at *5 (W.D. Pa. Oct. 29, 2012); *Stockton v. Wetzel*, No. 16-613, 2017 WL 30348000, at *5 (M.D. Pa. July 18, 2017)). Judge Kelly

_____

with prejudice, because there's no evidence here." (*Id.* at 6). But Mr. Gregory explains that after that statement, Defendant Myers stated that he would go gather "all the evidence [Defendant Nunez] need[ed]." (*Id.*). Later in his Amended Complaint, Mr. Gregory explains that he spent time in RHU pending investigation of his alleged misconduct, but "then was cleared." (*Id.* at 7). Although these statements strongly suggest Mr. Gregory was not found guilty of these misconduct allegations, he later asserts that Defendants "made an impartial and biased adjudication of guilty upon Plaintiff without any evidence to exist [sic] to adjudicate Plaintiff" and he was "found guilty based on false pretenses." (*Id.*). In any event, Judge Kelly's statement that "despite being ordered to do so, [Mr. Gregory] does not indicate [in his Amended Complaint] that he suffered any disciplinary sanction other than two weeks of custody in the RHU while the misconduct was being investigated" remains true. (ECF No. 13 at 4). Because Judge Kelly's legal analysis was in no way predicated upon Mr. Gregory being adjudicated guilty or not guilty of these misconduct allegations, the uncertainty as to whether Mr. Gregory was, in fact, found guilty does not alter the Court's conclusion that Judge Kelly's Report and Recommendation should be adopted in full.

therefore recommended that Mr. Gregory's Amended Complaint be dismissed with prejudice for

failure to state a claim. (*Id.* at 6).

Judge Kelly informed Mr. Gregory that he had until November 18, 2023, to file any

objections to her September 29, 2023, Report and Recommendation. (*See* ECF No. 16). But Mr.

Gregory filed no objections prior to the passage of that deadline.

"If a party does not object timely to a magistrate judge's report and recommendation, the

party may lose its right to de novo review by the district court." *EEOC v. City of Long Branch*, 866

F.3d 93, 100 (3d Cir. 2017). But even absent objections to a report and recommendation, the Court

must "afford some level of review to dispositive legal issues raised by the report." *Id.* (citing

*Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987). The Third Circuit has described this level of

review as "reasoned consideration." *Id.* Thus, the Court reviews Judge Kelly's Report and

Recommendation under this reasoned consideration standard.

After reviewing Judge Kelly's Report and Recommendation, and the legal conclusions

contained therein, the Court will accept in whole the findings and recommendations of Judge

Kelly in this matter. The Court finds that the two grounds upon which Judge Kelly recommended

dismissal of Mr. Gregory's Amended Complaint are legally sound.

First, Judge Kelly properly concluded that Mr. Gregory failed to plausibly plead that a

liberty interest protected by the Fourteenth Amendment was infringed. The only disciplinary

sanction that Mr. Gregory alleges arose from these incidents is a roughly two-week stay in the

RHU, which is insufficient to trigger due process protection. (ECF No. 10 at 7); *see, e.g., Fantone v.

Latini*, 780 F.3d 184, 191 (3d Cir. 2015) (explaining that an inmate's Fourteenth Amendment claim

was properly dismissed because he "did not have a liberty interest that defendants could have

infringed because the misconduct determinations" and "his time in the RHU . . . did not, either alone or in combination, create atypical and significant hardship in relation to the ordinary incidents of prison life"); *Barna v. Boyce*, 563 F. App'x 103, 105 (3d Cir. 2014) (holding that because the inmate "did not present any evidence that his [30-day] confinement in the Restricted Housing Unit, and the conditions he faced there, constituted an atypical and significant hardship, and we have held that this type of confinement does not confer a cognizable liberty interest[,]" the district court properly dismissed the inmate's Fourteenth Amendment claim).

Second, Judge Kelly's conclusion that Mr. Gregory's "failure to plead the personal involvement of Defendants Kilinefelter, Moslak, and Mooney provides an additional basis for their dismissal" is also proper. Mr. Gregory, in his Amended Complaint, rests the personal involvement of these three defendants on the fact that they "ha[d] access to the record of the [] misconduct" and are "charged with investigating the aforesaid misconduct incidents[.]" (ECF No. 10 at 8). Mr. Gregory also alleges that the "request to staff member" and "attempt[] to appeal" he sent to these defendants indicates their personal involvement.

However, none of these factual allegations are sufficient to plausibly plead a defendant's personal involvement in an alleged constitutional violation under § 1983. *See, e.g., Wilkerson v. Schafer*, No. 4:09-CV-2539, 2011 WL 900994, at *7 (M.D. Pa. Mar. 14, 2011) (explaining that the plaintiff's "allegation that Defendants" should be "held liable for due process violations because they should have become aware of them through their review of his misconduct appeals is insufficient to establish their personal involvement in the underlying alleged unconstitutional conduct"); *Croom v. Wagner*, No. 06-1431, 2006 WL 2619794, at *13–14 (E.D. Pa. Sept. 11, 2006) (stating that "neither the filing of a grievance nor an appeal of a grievance . . . is sufficient to

impose knowledge of any wrongdoing" necessary for personal involvement"); *Peay v. Fisher*, No. 3:15-cv-345, 2017 WL 1128451, at \*37 (M.D. Pa. Mar. 24, 2017) ("[D]issatisfaction with responses to an inmate's grievances or mere concurrence in an administrative appeal process does not support a constitutional claim."). Mr. Gregory's failure to plausibly plead the personal involvement of these three defendants likewise bolsters the conclusion that his Amended Complaint should be dismissed as to them.

Therefore, pursuant to the applicable "reasoned consideration" standard and Local Civil Rule 72.D.2, the Court accepts in whole the findings and recommendations of Judge Kelly. Accordingly, the following order is entered:

**AND NOW**, this 30th day of November, 2023, it is **HEREBY ORDERED** that Plaintiff Roderick Gregory's Amended Complaint (ECF No. 10) is **DISMISSED WITH PREJUDICE** for the reasons in the Report and Recommendation at ECF No. 13 and the reasoning outlined in the above Memorandum Order.

**IT IS FURTHER ORDERED** that the Report and Recommendation at ECF No. 13 is adopted for its reasoning and conclusions. The Clerk shall terminate the Defendants from the case and mark the case closed.

**BY THE COURT:**

**KIM R. GIBSON**
**UNITED STATES DISTRICT JUDGE**

-7-

Notice by U.S. Mail to:

**Roderick Gregory**
NR-0695
SCI Houtzdale
P.O. Box 1000
209 Institution Drive
Houtzdale, PA 16698-1000